Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Carmen Luz Díaz Hernández<br><br>Recurrida<br><br><br>Ex Parte<br><br>Marellys Díaz Hernández, Ángel L. Díaz & Pedro Díaz Hernández<br><br>Interventores-Peticionarios | TA2025CE00525 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil Núm.: CG2024RF00795<br><br>Sobre: Declaración de Incapacidad y Designación de Tutor |

Panel integrado por su presidente, el Juez Rivera Colón, la Jueza Prats Palerm y el Juez Rivera Torres[1].

Rivera Colón, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Comparecen la señora Marellys Díaz Hernández, el señor Ángel L. Díaz y el señor Pedro Díaz Hernández (peticionarios, conjuntamente), quienes nos solicitan la revocación de la Orden emitida el 28 de agosto de 2025[2] por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario). Mediante el referido dictamen, el foro primario denegó la solicitud de expedición de citación de testigo presentada por los aquí peticionarios.

Luego de evaluar el recurso ante nuestra consideración, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

---

[1] Véase Orden Administrativa OATA-2025-185, donde se designa al Hon. Waldemar Rivera Torres en sustitución del Juez José J. Monge Gómez, por éste estar fuera del Tribunal por causas justificadas.
[2] Notificada el 2 de septiembre de 2025.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del auto de *Certiorari* solicitado por los fundamentos que expondremos a continuación.

**I.**

El 15 de noviembre de 2024, la señora Carmen Luz Díaz Hernández (Sra. Díaz Hernández o recurrida) presentó una Petición Ex Parte sobre declaración de incapacitad y designación de tutor en beneficio de señor Rafael Díaz Boria (Sr. Díaz Boria), quien es su padre. En esencia, relató que el Sr. Díaz Boria padece de una serie de condiciones que afectan sus funciones cognitivas y físicas. Así detallado, señaló que este no puede administrar sus bienes y atender sus asuntos personales. Por tanto, solicitó la celebración de un procedimiento judicial para que el foro recurrido emita una declaración de incapacidad, y en efecto, se designe a esta como tutora legal de su padre.

Con posterioridad, el 22 de mayo de 2025, los aquí peticionarios, quienes son hijos del Sr. Díaz Boria, comparecieron mediante una Moción de Intervención y Oposición al Nombramiento de Tutora. En síntesis, solicitaron intervenir en el presente procedimiento judicial, pues manifestaron que sus derechos e intereses pudiesen verse afectados. Además, se opusieron a la solicitud presentada por la recurrida para ser tutora legal. Ello, pues, adujeron que la Sra. Díaz Hernández ha asumido múltiples decisiones sobre cuestiones médicas y económicas de su padre sin su consentimiento.

Luego de una serie de incidencias procesales, el 18 de agosto de 2025, el foro primario emitió una Orden, notificada el 21 de agosto de igual año, en la cual impartió las siguientes directrices:

> *Cítese a las partes a vista, de manera presencial, el 6 de octubre de 2025 a las 9:00am. El perito podrá comparecer mediante videoconferencia, pero deberá la*

*demandante proveer su correo electrónico donde se le remitirá el enlace a la vista. No se permitirá comparecencia remota a las partes. Ese día todos deberán estar listos para atenderse el asunto en sus méritos. Se les recuerda que toda evidencia a ser utilizada deberá presentarse, al menos, 5 días antes de la vista.* (Citas omitidas).[3]

Así las cosas, el 28 de agosto de 2025, los peticionarios presentaron una Moción en Solicitud para que se Expida Citación como Testigo a la Sra. Sheila Maymí (Sra. Maymí). En esta, detallaron que la Sra. Maymí funge como encargada del hogar de adultos mayores en donde actualmente se encuentra el Sr. Díaz Boria. Por lo anterior, razonaron que el testimonio de esta persona resulta pertinente para brindar información sobre el estado físico, emocional y social de su padre.

En reacción, el 30 de agosto de 2025, la recurrida interpuso una Moción en Oposición a Expedición Citación de Testigo a este Honorable Tribunal. Argumentó que, la citación de la referida testigo no es pertinente al proceso judicial de epígrafe. Razonó que, el presente caso versa sobre la declaración de incapacidad del Sr. Díaz Boria, y no sobre los cuidados que este recibe en el hogar de adultos mayores. Por consiguiente, sostuvo que no procede la expedición de la citación de la testigo aludida.

Examinadas las posturas de las partes, el 28 de agosto de 2025, el foro primario emitió una Orden, notificada el 2 de septiembre de 2025, en la cual determinó que no procede la expedición de citación de la Sra. Maymí.

Oportunamente, el 8 de septiembre de 2025, los peticionarios sometieron una Moción de Reconsideración, en la cual insistieron que el TPI debe expedir la citación de la testigo propuesta. Arguyeron que la Sra. Maymí, como administradora del hogar de adultos mayores, es una testigo esencial para adjudicar la

---

[3] Entrada 58 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancias (SUMAC TPI).

controversia. En particular, adujeron que esta puede brindar información pertinente sobre las actuaciones de la parte recurrida, entiéndase, (1) la denegatoria al acceso de récords, (2) el establecimiento de listas unilaterales de visitas y (3) el condicionamiento de llamadas al arbitrio de terceros.

Tras evaluar sus argumentos, el 12 de septiembre de 2025, el foro primario dictó una Orden, notificada el 15 de septiembre de 2025, en la cual declaró No Ha Lugar la solicitud de reconsideración.

Inconformes, el 29 de septiembre de 2025, los peticionarios recurrieron ante nos mediante un escrito intitulado Petición de Certiorari. En su recurso, esbozaron el siguiente señalamiento de error:

> *Erró el Honorable Tribunal de Primera Instancia al denegar la expedición de citación de testigo para la Sra. Sheila Maymí por entender que dicho testimonio no es pertinente a la petición que está ante su consideración, ello a pesar de que la parte interventora haya anticipado su postura desde la radicación de la solicitud de intervención y mencionaría a dicho testigo como uno esencial a los fines de adjudicar las controversias en el caso.*

Al radicar su recurso, sometieron una Solicitud de Auxilio de Jurisdicción, en la cual nos peticionaron la paralización de la vista calendarizada para el 6 de octubre de 2025. Amparados en tal solicitud, requirieron, además, la citación de la Sra. Maymí, en calidad de testigo, con el fin de evitar un fracaso irreparable de la justicia y preservar la integridad del proceso tutelar.

**II.**

Es norma reiterada que, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020).

Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención de este Tribunal de Apelaciones para atender ciertas determinaciones interlocutorias:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.*

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, o (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847-848 (2023) (citando a e R. Hernández Colón, <u>Práctica jurídica de Puerto Rico: derecho procesal</u> *civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, págs. 533).

No obstante, una vez se adquiere jurisdicción en virtud de la Regla 52.1 de Procedimiento Civil, *supra,* la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> A. *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> B. *Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> C. *Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> D. *Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> E. *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> F. *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> G. *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al.* v. *BBVAPR*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez, supra,* a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó

con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

### III.

Luego de examinar sosegadamente el expediente ante nuestra consideración, no encontramos los criterios jurídicos contemplados en la Regla 40 de nuestro Reglamento, *supra*, que nos permitan expedir el recurso discrecional presentado por los peticionarios. Nada en el expediente judicial devela indicios de prejuicio, parcialidad, abuso de discreción o error manifiesto por parte del foro primario. En virtud de lo anterior, denegamos expedir el recurso de *Certiorari* peticionado, toda vez que no se cumplen criterios exigidos para activar nuestra facultad revisor discrecional, según los parámetros orientativos de la Regla 40 del Tribunal de Apelaciones, *supra.* Conforme al razonamiento esbozado, nos corresponde declarar No Ha Lugar la Solicitud de Auxilio de Jurisdicción.

### IV.

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, denegamos la expedición del auto de *Certiorari* solicitado por los peticionarios. En consecuencia, declaramos No Ha Lugar la Solicitud de Auxilio de Jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones